UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**JESSICA S. ALLEN**<br>UNITED STATES MAGISTRATE JUDGE | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102<br>(973-645-2580) |

**LETTER ORDER**

November 8, 2024

TO:   ALL COUNSEL OF RECORD

Re:   Schenck-Faison v. City of Newark, et al.
      Civil Action No. 23-22437 (CCC) (JSA)

Dear Counsel:

Before the Court is the motion of Plaintiff, J'Quan Schenck-Faison ("Plaintiff"), for the entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), against individual officer Defendants T.M. Brown, Sgt. Abraham James, Det. D. Diaz, Det. A. Rivera, and Det. M. Maldonado (the "Individual Defendants"). (ECF Nos. 42, 52). The Individual Defendants oppose Plaintiff's motion and cross-move to vacate the entry of default, pursuant to Federal Rule of Civil Procedure 55(c). (ECF No. 51). The Court did not hear oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, and for good cause shown, the Individual Defendants' cross-motion to vacate default is **GRANTED**, and Plaintiff's motion for the entry of default judgment is **DEEMED MOOT**.

I.      **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On November 16, 2023, Plaintiff filed a four count Complaint against the City of Newark, the Individual Defendants, and New Jersey Attorney General Matthew Platkin, alleging, *inter alia*, violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. (ECF No. 1, the "Original Complaint"). The Original Complaint alleges Plaintiff was arrested for a drive-by shooting and incarcerated for eight days, based on an affidavit of probable cause that relied on Automated License Plate Reader ("ALPR") data reviewed by the Newark police. (*Id.*, ¶¶ 3-6). Plaintiff alleges, however, that neither he nor his car were present at the scene of the shooting, and the alleged ALPR data either did not exist or did not support Plaintiff's arrest. (*Id.*, ¶ 4). According to Plaintiff, as a result, the charges were dismissed. (*Id.*, ¶ 8).

There have been protracted proceedings relating to Plaintiff's attempts to serve process and obtain default against the Individual Defendants. Only the relevant history necessary to decide the

instant motions is set forth below.[1]

On April 9, 2024, Plaintiff filed a motion for "default judgment" against the Individual Defendants, contending they had been served through the City of Newark. (ECF No. 7). On April 10, 2024, this Court denied Plaintiff's motion for default judgment, as Plaintiff had not yet secured the entry of default. (*See* ECF No. 8, citing *Wilton Reassurance Life Co. of NY v. Engelhardt*, 2023 WL 4864296, at *3 n.9 (D.N.J. July 31, 2023) ("[T]o receive a judgment of default... a party must first obtain entry of default from the Clerk of the Court, as entry of a default judgment is a two-part process") (internal quotes omitted))).

On May 1, 2024, Plaintiff sought additional time to serve the Individual Defendants, contending that the City of Newark's counsel had declined to advise him whether the Individual Defendants had separate counsel, and forced him into "a wild goose chase with the City's Law Department" to attempt to serve the Individual Defendants. (ECF No. 10). Plaintiff's request was granted. (ECF No. 15). Thereafter, on May 28, 2024, Plaintiff filed Affidavits of Service, stating that the Individual Defendants were served "by certified mail, return receipt requested, to Newark Police Department Headquarters . . . which is the last known address of [the Individual] Defendants." (ECF No. 16).

On June 3, 2024, Plaintiff filed an Amended Complaint, (ECF No. 19), which superseded the Original Complaint. *See Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 835 (3d Cir. 2022) ("Because an amended complaint supersedes the pleading it modifies, the original complaint no longer perform[s] any function in the case."). It is undisputed that Plaintiff did not request the issuance of summonses to serve the Amended Complaint on the Individual Defendants. Yet, on June 20, 2024, Plaintiff requested the Undersigned enter default against the Individual Defendants based on the Original Complaint. (*See* ECF No. 23). On June 21, 2024, Plaintiff's request was denied as procedurally defective. (*See* ECF No. 25).

On June 25, 2024, Plaintiff filed an "amended" motion for the entry of default against the Individual Defendants. (ECF No. 27). On the same date, the Clerk entered default against the Individual Defendants.

On August 29, 2024, Plaintiff filed the present motion for the entry of default judgment. (ECF No. 42, the "motion for default judgment"). On September 30, 2024, counsel for the City of Newark, Gregory D. Emond, Esq., filed a letter stating that he had been "recently retained to represent the Individual Defendants in this matter" and requesting that the motion for default judgment be adjourned. (ECF No. 46).[2]

On October 1, 2024, the Undersigned held a Telephone Status Conference, (ECF No. 49, the "October 1st Conference"), during which Plaintiff's counsel advised that he would not withdraw the pending motion for default judgment or agree to the Individual Defendants' request

---

[1] Defendant the City of Newark responded to the Original Complaint with a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9). That motion has been fully briefed and is pending. (*See* ECF No. 28). Plaintiff settled his claims with Defendant Platkin, who has been dismissed from the case. (*See* ECF No. 31).

[2] Mr. Emond entered his appearance as counsel of record for the Individual Defendants on October 2, 2024. (ECF No. 48).

to vacate default. Accordingly, on October 2, 2024, this Court entered an Order, which included a briefing schedule for the Individual Defendants to oppose Plaintiff's motion and cross-move to vacate default and for Plaintiff to have the opportunity to respond. (ECF No. 49). The parties so complied. (ECF Nos. 51, 52).

## II. PARTIES' ARGUMENTS

Plaintiff argues that he is entitled to default judgment because the Individual Defendants were properly served with the Original Complaint and failed to timely defend the case. (ECF No. 42 at 6). Plaintiff continues that he is prejudiced by "the continued delay in Individual Defendants filing their answers because their failure to participate adversely impacts Plaintiff's ability to prosecute his claims . . . ." (*Id.* at 10). Plaintiff argues that he was not obligated to serve the Individual Defendants with the Amended Complaint because they were already in default. (*Id.*) Finally, Plaintiff contends that service of the Amended Complaint was not necessary as counsel has entered an appearance for the Individual Defendants. (*See* ECF No. 52 at 9-10).

The Individual Defendants argue that default judgment is not proper because they have not been properly served with either the Original Complaint or the Amended Complaint. (ECF No. 51 at 7-14). Service issues aside, the Individual Defendants argue that, in all events, default should be vacated based on a balancing of the relevant considerations. Specifically, the Individual Defendants contend that Plaintiff will not suffer any prejudice; that they have meritorious defenses to Plaintiff's claims; and that the default was not the result of culpable conduct. (*Id.* at 17-21). While the Individual Defendants seek to have default vacated, they do not appear to seek an extension of time to answer or otherwise respond to the Amended Complaint, requesting instead that Plaintiff be directed to serve the Amended Complaint on them. (*See* ECF No. 51 at 16; ECF No. 51-3 at 2).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit has instructed courts to weigh three factors to determine whether good cause exists: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 174 (3d Cir. 2016) (internal quotation and citation omitted) (the "Rule 55(c) factors"). Vacating a default is a highly discretionary decision. *See Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). It is well-settled that the Third Circuit prefers decisions on the merits and strongly disfavors defaults. *See, e.g., Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982). Likewise, "the discretion of the Court to impose conditions upon the vacating of default is well-established." *Spence v. LaHood*, 2012 WL 2076838, at *8 (D.N.J. June 8, 2012) (Simandle, J.) (citing *Feliciano*, 691 F.2d at 657).

## IV. DECISION

In their respective briefs, the parties argue extensively over whether the Original Complaint was properly served. (*See* ECF Nos. 42 at 7-9; ECF No. 51 at 9-14; ECF No. 52 at 2-5). However,

this Court need not decide this issue.  Plaintiff filed an Amended Complaint on June 3, 2024, which became the operative pleading.  *See Saint-Jean*, 49 F.4th at 835.[3]

Equally important, several courts in this district have held that "the filing of an amended complaint pursuant to Rule 15(a) will generally moot a preexisting . . . motion for default judgment . . . ."  *Laufer v. Aark Hospitality Holding, LLC*, 2021 WL 6062269, at *3 (D.N.J. Dec. 22, 2021); *United States v. Mycek*, 2020 WL 7408061, at *1 (D.N.J. Nov. 20, 2020); *Auto Rentals, Inc. v. Bama Com. Leasing, LLC*, 2018 WL 3159852, at *1 & n.2 (D.N.J. Mar. 9, 2018) ("once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied and a clerk's entry of default on that pleading is mooted" (cites and quotes omitted)).  Accordingly, this Court could find that the motion for default judgment is moot based on the mere filing of the Amended Complaint.  Nevertheless, even assuming that the Original Complaint was properly served and that the Amended Complaint did not moot the motion for default judgment, consideration of the Rule 55(c) factors weighs in favor of vacating default in this case.

As to the first factor, prejudice "only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment."  *Landron v. Pina*, 2024 WL 1585119, at *2 n.5 (D.N.J. Apr. 11, 2024).  Plaintiff does not allege that vacating default will result in the loss of evidence or increase the potential for fraud of collision.  In fact, to the contrary, Plaintiff appears to state that he will suffer prejudice if the Individual Defendants *do not* participate in the case.  (ECF No. 42 at 10).  As a result, the first factor weighs in favor of vacating default.

As to the second factor, which relates to the merit of the Individual Defendants' defenses, "only a showing that the defenses are 'litigable' is required, not that they would necessarily prevail at trial."  *Jones v. Remington Lodging & Hosp., LLC*, 2024 WL 4626404, at *1 (D.N.J. Oct. 30, 2024) (internal citation omitted).  "The showing of a meritoriousness defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action."  *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  The Individual Defendants have not submitted a proposed answer setting forth their affirmative defenses.  Yet, their brief identifies two defenses they intend to assert: qualified immunity and immunity pursuant to the New Jersey Tort Claims Act.  (*See* ECF No. 51 at 19-20).  While the Court does not opine on the merits of these defenses, if established, immunity-based defenses could provide a complete defense to Plaintiff's claims.  As a result, this factor weighs in favor of vacating the default.

The final factor "considers whether a defendant is culpable in the default—i.e., whether the defendant acted willfully or in bad faith."  *Jones*, 2024 WL 4626404, at *1. The Individual Defendants contend that they are not culpable because they were not properly served, and the Clerk should not have entered default.  While the Court makes no conclusive finding on whether proper service was effectuated, there is nothing in the present record before this Court to sufficiently

---

[3] Citing Federal Rule of Civil Procedure 5(a)(2), Plaintiff further contends that he was not obligated to serve the Individual Defendants with the Amended Complaint because they were in default.  (ECF No. 51 at 9-10).  Not so.  The Amended Complaint was filed on June 3, 2024, and the Individual Defendants were not placed in default until June 25, 2024.  Thus, the Individual Defendants were not in default at the time the Amended Complaint was filed, and Rule 5(a)(2), therefore, does not apply.

establish that the Individual Defendants acted willfully or in bad faith.  Accordingly, this factor weighs in favor of vacating default.

The Rule 55(c) factors weigh in favor of vacating default in this case.  At the same time, however, the Court has broad discretion to impose conditions on the vacatur of default.  *See Spence*, 2012 WL 2076838, at *8 ("the discretion of the Court to impose conditions upon the vacating of default is well-established").  Requiring the Individual Defendants to either answer, move, or otherwise respond to the Amended Complaint would be a permissible exercise of that discretion.  *See, e.g.*, *Trustees of the Nat'l Elevator Indus. v. Nordic Enterprises*, 1997 WL 83742, at *1, 6 (E.D. Pa. 1997) (granting cross-motion to vacate default, conditioned on the filing of an answer, and denying as moot motion for default judgment).  Further, imposing such a condition on the vacatur of default in this case is in accord with the general principle that the Federal Rules should always be "construed, administered, and employed by the Court . . . to secure the just, speedy, and inexpensive determination of every proceeding."  Fed. R. Civ. P. 1.  Accordingly, the Individual Defendants shall be required, as a condition of the vacatur of default, to answer, move, or otherwise respond to the Amended Complaint.

## V.     CONCLUSION

Based on the above, the Court exercises its discretion in finding good cause to vacate the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c).  Accordingly, the Individual Defendants' cross-motion to vacate, (ECF No. 51), is **GRANTED**.  Because the Court has granted the Individual Defendants' cross-motion to vacate default, the motion for default judgment, (ECF No. 42), is **DEEMED MOOT**.  *See Landron*, 2024 WL 1585119, at *3 (granting motion to vacate default and finding that motion for default judgment was "deemed moot").

The Individual Defendants shall file their answer or otherwise move in response to the Amended Complaint on or before **November 27, 2024**.

In light of the foregoing, the Telephone Status Conference scheduled for November 13, 2024 at 2:00 p.m. is **adjourned**, pending the Individual Defendants' filing a response to the Amended Complaint.

The Clerk is requested to terminate ECF Nos. 42 and 51.

**SO ORDERED**.

                                                     **s/Jessica S. Allen**
                                                     **Hon. Jessica S. Allen**
                                                     **United States Magistrate Judge**

cc:  Hon. Claire C. Cecchi, U.S.D.J.