**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J'QUAN SCHENCK-FAISON, | Civil No.: 23-22437 |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| CITY OF NEWARK, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

## I.    <u>INTRODUCTION</u>

This matter comes before the Court on defendant City of Newark's ("Defendant" or the "City") motion to dismiss (ECF No. 9) plaintiff J'Quan Schenck-Faison's ("Plaintiff") amended complaint (ECF No. 19, "Am. Compl." or the "Amended Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff opposed Defendant's motion (ECF No. 35, "Opp."), and Defendant replied in support (ECF No. 37, "Reply").  The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendant's motion is **GRANTED**.

---

[1] Defendant filed its motion to dismiss (ECF No. 9) before Plaintiff filed the Amended Complaint (ECF No. 19).  Defendant contended that "the Amended Complaint does not cure the alleged deficiencies identified in its pending motion to dismiss (ECF No. 9)" and so Magistrate Judge Jessica S. Allen ordered that the motion to dismiss "be directed to the Amended Complaint, (ECF No. 19)."  ECF No. 28.

## II.    **BACKGROUND**

The following facts are taken from the Amended Complaint and are accepted as true for purposes of deciding this motion to dismiss.  This matter arises out of Plaintiff's arrest following a drive-by shooting.  On October 24, 2021, the Newark Police Department ("NPD") was alerted to a drive-by shooting.  Am. Compl. ¶ 2.  At the scene, NPD detectives reviewed surveillance footage from nearby businesses.  *Id.* ¶¶ 2, 23.  Plaintiff notes that one of the detectives who allegedly reviewed the footage was Detective Daniel Diaz, who had recently been found liable for false arrest and malicious prosecution following false statements inconsistent with surveillance footage.  *Id.* ¶¶ 3, 47–53.  The footage of the drive-by scene allegedly captures the front seat passenger of a silver Acura firing multiple shots into a Mercedes-Benz van.  *Id.* ¶¶ 2, 23.  The detectives claim that they matched the suspect car to an Acura that displayed Plaintiff's license plate through the Automated License Plate Reader ("ALPR") database.  *Id.* ¶ 24.  Plaintiff contends that neither he nor his vehicle were in the vicinity of the shooting at the relevant time.  *Id.* ¶ 5; *id.* at 8.[2]

Plaintiff infers that the ALPR mistakenly recorded his license plate because ALPRs are known to have a high error rate.  *Id.* at 6–7.  Plaintiff references a Brennan Center study that found "37 percent of all fixed ALPR 'hits' . . . were misreads;" a Ninth Circuit decision that acknowledges ALPRs make false hits; and a United States Department of Transportation report that considers ALPR misreads to be a "significant concern."  *Id.*  New Jersey requires the NPD to oversee its ALPR program and conduct audits, which are publicly reported by the state.  *Id.* at 7–8.  However, Plaintiff contends NPD does not appear to have followed this directive.  *Id.* at 8.

---

[2] The Amended Complaint contains a numbering error on pages 6–8, causing the repetition of paragraph numbers 17–22.  Citations to these paragraphs will refer to the page number.

On November 6, 2021, NPD detectives stopped Plaintiff in his Acura. *Id.* ¶ 28. The detectives told him he was being stopped because his taillight was out, but Plaintiff alleges that this reason was pretextual, and the stop was actually based on the ALPR hit. *Id.* ¶ 30. Plaintiff asserts his taillight was operational, and he was stopped during daylight. *Id.* After allegedly interrogating Plaintiff, the detectives allowed him to leave. *Id.* ¶¶ 31–35. On November 17, 2021, NPD detectives contacted Plaintiff and asked him to come to the police station. *Id.* ¶ 36. Unaware of his status as a suspect in a drive-by shooting, Plaintiff arrived at the police station and was arrested. *Id.* ¶¶ 37–38. Plaintiff spent about eight days in jail before being released on bail. *Id.* ¶ 39. For the next two years, Plaintiff was subjected to pretrial conditions. *Id.* ¶ 40. In September 2023, the government voluntarily dismissed the charges against Plaintiff. *Id.* ¶ 42.

Plaintiff initiated this action against numerous individual defendants and the City of Newark. *See* ECF Nos. 1, 19. Only the City moved to dismiss Plaintiff's Amended Complaint. *See* ECF No. 9. Plaintiff's claims against the City include violations of the Fourth Amendment (Counts I and II), the Fifth and Fourteenth Amendments (Count III), and the First Amendment (Count IV) of the United States Constitution. Defendant states that it seeks to dismiss all claims as to the City (Mot. at 1) but does not mention the First Amendment claim in its moving brief or reply. Therefore, this Court does not find that a motion to dismiss Count IV is properly before the Court. *See Muralles v. Client Servs., Inc.*, No. 11-3738, 2011 WL 3882264, at *1 (D.N.J. Sept. 2, 2011) (declining to consider a claim for dismissal that Defendant did not include in its moving brief); *Hartman v. Twp. of Readington*, No. 02-2017, 2006 WL 3485995, at *7 (D.N.J. Nov. 30, 2006) (same).

III.    **LEGAL STANDARD**

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, a court must "draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations and brackets omitted).

IV.    **DISCUSSION**

A.    **Municipal Liability Under § 1983**

"[A] § 1983 claim against a municipality may proceed in two ways." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). A plaintiff may claim that "an unconstitutional policy or custom of the municipality led to his or her injuries . . . or that they were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A plaintiff must also establish causation by demonstrating "a 'plausible nexus' or 'affirmative link' between the municipality's [policy or] custom and the specific deprivation of constitutional rights at issue." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citations omitted).

In the Amended Complaint, Plaintiff alleges two main theories of municipal liability. First, Plaintiff alleges that the City's "policy or custom of condoning" Detective Diaz's history of dishonesty facilitated violations of Plaintiff's constitutional rights. Am. Compl. ¶¶ 47–53, 63. Second, Plaintiff alleges that the City's ALPR policy is unconstitutional because it permits arrests

despite the technology's history of providing flawed data.  *Id.* at 6–8, ¶¶ 60–62.

### 1.  Defendant Diaz's Conduct

Plaintiff claims that the City is liable for a "policy or custom of condoning the actions of an admittedly untruthful officer," Detective Diaz, which caused "violations of [Plaintiff's] constitutional rights."  *Id.* ¶ 63.  Liability based on the implementation of a policy exists only when a "decisionmaker possess[ing] final authority" has established "an official proclamation, policy, or edict."  *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).  Conversely, a "custom is not an official rule or policy but is established where a practice is so common and well-settled that it becomes formal and gains legitimacy."  *Peppers v. Booker*, No. 11-3207, 2012 WL 1806170, at *5 (D.N.J. May 17, 2012).

Here, Plaintiff's claim is based on the prior conduct of one of the individual defendants, Detective Diaz, whom he alleges a jury recently found liable for knowingly misrepresenting video footage in a police report and in sworn testimony.  *Id.* ¶ 3, 47–53.  Plaintiff contends that despite the City's knowledge of Detective Diaz's misconduct, it "allow[ed] Detective Diaz to continue working as an investigating and arresting officer."  *Id.* ¶ 63.  Plaintiff also points to Detective Diaz's "concise officer history" which allegedly shows that he was subject to inquiry for an incident related to "reporting a crime – rules and regulations" and that he had multiple "Departmental complaints."  *Id.* ¶ 52 n.4.

Detective Diaz's prior conduct and the City's alleged acquiescence to such conduct does not constitute a policy or custom under *Monell*.  Plaintiff alleges no "official proclamation, policy, or edict" promulgated by the City, and so fails to allege an unconstitutional policy.  *Beck*, 89 F.3d 971.  Plaintiff likewise does not sufficiently allege an unconstitutional custom.  As an initial matter, Detective Diaz's "prior officer history" is too vague for the Court to consider as part of a cohesive

custom.  Aside from that, Plaintiff alleges only one instance of prior misconduct and concludes

that it amounts to a "custom" of condoning Detective Diaz's misconduct.  Therefore, Plaintiff does

not sufficiently allege that the City's knowledge of and acquiescence to Detective Diaz's prior

misconduct was "so persistent and widespread as to practically have the force of law" as required

for municipal liability.  *Costantino v. City of Atl. City*, 152 F. Supp. 3d 311, 332 (D.N.J. 2015)

(citing *Monell*, 436 U.S. at 691).

### 2.  ALPR Policy

Plaintiff alleges that "the City's ALPR policy itself is unconstitutional" because it permits

arrests based solely on an ALPR hit, despite "the ALPR technology's well-documented history of

providing flawed data."  Opp. at 7.  To state a claim for municipal liability based on an

unconstitutional policy, "a plaintiff must allege that the policy is unconstitutional, and that the

policy 'inflict[ed] the injury in question.'"  *Est. of Roman v. City of Newark*, 914 F.3d 789, 798

(3d Cir. 2019) (quoting *Monell*, 436 U.S. at 694).

Here, Plaintiff fails to sufficiently allege that the NPD's ALPR policy is unconstitutional.

The policy at issue is NPD General Order No. 09-10, attached to Defendant's motion to dismiss

as Exhibit B ("ALPR Policy").[3]  Am. Compl. ¶ 61 n.5; ECF No. 9-3.  Plaintiff argues that "[by]

allowing knowingly flawed ALPR data to serve as the exclusive basis for an arrest, Newark's

ALPR policy" is unconstitutional.  *Id.* ¶ 62; Opp. at 14.  But Plaintiff points to no language in the

ALPR Policy that pertains in any way to ALPR data being used as the sole basis for arrest, nor can

the Court find any.  *See* ECF No. 9-3.  The ALPR Policy explains that the ALPR system "captures

images of license plates that come into view and compares them to a list of vehicles of interest . .

---

[3] Courts may rely on materials beyond the complaint in a motion to dismiss "when the extrinsic document is integral to or explicitly relied upon in the complaint."  *Talley v. Pillai*, 116 F.4th 200, 207 n.7 (3d Cir. 2024) (internal quotation marks omitted).

. [and] alerts the officer of potential matches." *Id.* Plaintiff does not argue that the use of ALPRs is unconstitutional in general; he asserts only that using an ALPR hit as the sole basis for an arrest is unconstitutional. *See* Opp. at 14–15. Furthermore, despite Plaintiff's description of the ALPR hit as "the only basis for his arrest," he nonetheless notes that the detectives did not arrest him when the ALPR flagged his vehicle; they included that evidence in an affidavit for probable cause, which must be presented to a judge who then approves Plaintiff's arrest. *See* Am. Compl. ¶¶ 35, 45; *see also* Fed. R. Crim. P. 4. Because the ALPR Policy does not contain the content that Plaintiff alleges is unconstitutional, Plaintiff fails to state a claim for municipal liability based on an unconstitutional policy.

**Accordingly, IT IS**, on this 21st day of February, 2025,

**ORDERED** that Defendant's motion to dismiss (ECF No. 9) is **GRANTED**, and Counts I, II, and III are dismissed without prejudice as to Defendant City of Newark; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order. Insofar as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2).

**SO ORDERED.**

_____
*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**